## MANDAMUS TO COMPEL AWARD OF BID FOR PUBLIC WORK.

Common Pleas Court of Licking County.

THE STATE OF OHIO, EX REL GEORGE W. LANE, v. THE BOARD OF COUNTY COMMISSIONERS OF LICKING COUNTY.

Decided, April Term, 1912.

*Bids and Bidding—Mandamus to Compel Award by County Commissioners—Necessary Allegations—Discretion of Board in Making an Award for Public Work.*

1. Inasmuch as compliance by county commissioners with the provisions of Section 2343 is a condition precedent to the making of a valid contract for a public improvement, a petition in mandamus to compel the letting of a contract to the relator will not lie in the absence of allegations that these conditions precedent have been complied with.

2. The discretion reposed in county commissioners as to who is the lowest or best bidder, precludes a court from granting a writ of mandamus for the award of the contract to some other bidder, in the absence of any allegation or showing of abuse of such discretion.

*Wayne Collier* and *Fitzgibbon & Montgomery,* for plaintiff.
*A. A. Stasel* and *Phil B. Smythe,* contra.

SEWARD, J. (orally).

This case is submitted to the court upon a demurrer to the petition, which is for a writ of mandamus to require the commissioners to let a contract to the relator, George W. Lane. The petition is brief, and I think it is too brief to warrant the court in making the order. I think the proceedings of the commissioners should be set out in the petition. At any rate the demurrer is well taken under Section 2343, which provides what the commissioners must do before letting the contract, and if they have not done that, the contract would be illegal and utterly void. The pleader must bring himself within the conditions of the statute, showing that the commissioners have complied with this section, before the court would be authorized to issue a writ of mandamus, compelling the letting of the contract to the relator. That section provides:

"When it becomes necessary for the commissioners of a county to erect or cause to be erected a public building, or substructure for a bridge, or an addition or alteration thereof, before entering into any contract therefor or repair thereof, or for the supply of any materials therefor, they shall cause to be made by a competent architect or civil engineer the following: full and accurate plans showing all necessary details of the work and materials required, with working plans suitable for the use of mechanics or other builders in the construction thereof, so drawn as to be easily understood; accurate bills, showng the exact amount of the different kinds of material, necessary to the construction, to accompany the plans; full and complete specifications of the work to be performed showing the manner and style required to be done."

None of those matters are set up in the petition, and I think they are conditions precedent and should be alleged in the petition; and I am inclined to think that it would be interfering with the discretion of the board of county commissioners to issue this writ and make it peremptory.

Section 2346 provides:

"In their advertisement, the commissioners shall invite bidders to make proposals for furnishing all the materials and performing all the work, or for such parts thereof as bidders deem

proper, and state the time when and the place where bids will be opened and contract awarded. At such time and place, or at a time to which they shall publicly adjourn the consideration thereof, they shall publicly open, read and examine the proposals made, and award the contract for furnishing the material and for the erection of such superstructure to the person or persons giving security as required by the provisions of this chapter who is the lowest or best bidder.''

The lowest or best bidder—using the disjunctive ''or.'' Who is the lowest or best bidder or bidders, considering price, plan, material and method of construction?

The commissioners are allowed a certain discretion. The lowest bidder may not be the best bidder. He may not be a man the commissioners ought to trust, or they would be willing to trust for the proper performance of the duties which are involved in the bid. At any rate, the court finds that it is necessary to allege the precedent conditions mentioned in Section 2343; they are not so alleged, and for that reason, and for the reason that the court thinks that there is a certain discretion allowed the county commissioners, which the court can not control under the laws of Ohio, this demurrer should be sustained. It may be so ordered, and exceptions taken.